IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELMER WAYNE HALE            )
                            )
v.                          )    No. 3:15-0443
                            )
NANCY A. BERRYHILL          )
    Acting Commissioner of  )
    Social Security[1]      )

To:     The Honorable Waverly D. Crenshaw, Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 10), to which Defendant has responded. Docket Entry No. 11. Plaintiff has also filed a subsequent reply to Defendant's response. Docket Entry No. 12.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 10) be **DENIED**.

## I. INTRODUCTION

Plaintiff filed applications for a period of disability, DIB, and SSI on July 14, 2011. *See* Transcript of the Administrative Record (Docket Entry No. 8) at 71-72.[2] He alleged a disability

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

onset date of July 15, 2010. AR 71-72. Plaintiff alleged that she was unable to work because of lower back pain, an inner ear tumor, and anxiety. AR 79.

Plaintiff's applications were denied initially and upon reconsideration. AR 71-74. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Elizabeth P. Neuhoff on July 25, 2013. AR 27. On November 1, 2013, the ALJ denied the claim. AR 9-11. On February 27, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on November 1, 2013. AR 9-11. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through at least the date of this decision.

2. The claimant has not engaged in substantial gainful activity since July 15, 2009, the alleged onset date. (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

\*\*\*

3. The claimant has the following severe impairments: degenerative lumbar disk disease, depressive disorder not otherwise specified and anxiety disorder not otherwise specified (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, he can lift and carry 35 pounds occasionally, 20 pounds frequently, can stand up to six hours total, can occasionally stoop and bend, and cannot work around workplace hazards, such as unprotected heights. He can understand and remember simple and detailed 1-4 step tasks, but cannot make independent decisions at an executive level. He can sustain concentration and persistence during an eight hour day with customary breaks, can interact with the public, supervisors, and co-workers on a superficial level, but would relate better to things than to people, and could set goals and adapt to infrequent change. No reading and writing should be a regular part of the job duties, such as completing forms or paperwork.

***

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

***

7. The claimant is a younger individual (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

12. The claimant's subjective complaints, including pain, have been evaluated as required under the applicable regulations and rulings.

***

AR 14-21.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v.*

*Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and

6

nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. At step five the ALJ found that Plaintiff could perform work as a cleaner, kitchen helper, and hand packager, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of July 15, 2010. AR 12-21.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) improperly omitting Plaintiff's use of a cane when formulating the RFC, and (2) failing to properly consider the opinion provided by Dr. Richard Fishbein. DE 10-1 at 4-9. Plaintiff therefore requests that this case be reversed and benefits awarded pursuant to sentence four of 42 U.S.C. § 405(g), or, alternatively, remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration. *Id.* at 9-11.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). Sentence six of 42 U.S.C. § 405(g) states the following:

8

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

*Id*. "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. RFC.**

Plaintiff first argues that the ALJ committed reversible error by failing to consider his use of a cane during the administrative hearing and in ultimately formulating the RFC. Plaintiff asserts that the Vocational Expert ("VE"), who testified regarding Plaintiff's ability to perform work in spite of his impairments, "could have had a different answer related to job availability if the need for a cane to ambulate was taken into account." DE 10-1 at 5-6.

9

Plaintiff correctly notes that when posing a hypothetical to a VE regarding a claimant's ability to perform work in the local and national economies, the ALJ must include all of the claimant's relevant impairments. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (noting that "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments'") (internal citation omitted). However, in fashioning a hypothetical question for the VE, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003) (quoting *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)); *see also Murphy v. Astrue*, No. 2:11-cv-0114, 2013 WL 829316, at *10 (M.D. Tenn. Mar. 6, 2013), *report and recommendation adopted sub nom.*, 2013 WL 4501416 (M.D. Tenn. Aug. 22, 2013) ("If the ALJ does not find that [a cane] would be medically necessary, then the ALJ is not required to pose a hypothetical to the VE.").

The ALJ in the instant case was unequivocal in her rejection of the medical necessity of Plaintiff's cane:

> In regards to the claimant's use of a cane[:] it was noted that he admitted it was not prescribed by a physician and aside from his use of a cane at the consultative examination, there was no mention of the claimant appearing with a cane or needing a cane. In fact, quite the opposite was noted at examinations, which found he had a steady gait or normal gait and normal range of motion[.]

AR 20. The medical evidence clearly supports this analysis, as Plaintiff demonstrated a normal gait during his last visit with Dr. Jeremy Cuzzourt in March of 2012 and a normal range of motion during his last visit with Dr. Thomas Helton in April of 2013. AR 609, 637. Plaintiff also stated during his hearing that no doctor had prescribed the cane for him. AR 45. As such, there was no objective evidence on which the ALJ could have concluded that Plaintiff's condition

necessitated the use of a cane, and thus no reason to incorporate such a limitation into any hypothetical posed to the VE. *See Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002) ("Because the cane was not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced her ability to work."); *see also Murphy v. Astrue*, No. 2:11-cv-0114, 2013 WL 829316, at *10 (M.D. Tenn. Mar. 6, 2013), *report and recommendation adopted sub nom.*, 2013 WL 4501416 (M.D. Tenn. Aug. 22, 2013) ("If the ALJ does not find that such device would be medically necessary, then the ALJ is not required to pose a hypothetical to the VE.").

Plaintiff does not dispute any of these findings, but instead points to an order form signed by nurse practitioner Janis Fuqua on November 13, 2013 with the following notation: "Order: Cane – Single point." AR 838.[3] This is not, however, an indication from a provider that the use of a cane is medically necessary and the order form contains no explanation as to why the cane was required; an omission that precluded the ALJ from finding that such a device was a medical necessity. *See* SSR 96-9p, 1996 WL 374185, *7 (July 2, 1996) ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).").

Additionally, the Court notes that the cane was ordered for Plaintiff nearly four months after his hearing and almost two weeks after the ALJ issued her opinion. AR 27, 838. Plaintiff thus faults the ALJ for failing to consider a form indicating that a cane was ordered for Plaintiff 12 days *after* the ALJ determined that the cane was not medically necessary. Paradox

---

[3] The form is electronically co-signed by Dr. Bradley Hill. AR 838.

11

notwithstanding, Plaintiff's failure to produce any evidence regarding his use of a cane prior to his hearing renders the order form untimely and therefore moot. *See Mitchell v. Comm'r of Soc. Sec.*, No. 13-cv-01969, 2014 WL 3738270, at *12 (N.D. Ohio July 29, 2014) (holding that claimant's failure to timely submit an opinion from a treating physician indicating that a cane was medically necessary prevented the opinion from serving as medical documentation establishing need for the cane).

The ALJ posed multiple hypotheticals to the VE that included limitations supported by substantial evidence in the record. AR 60-67. Plaintiff's procurement of a form indicating that a cane was ordered for him 12 days after receiving an unfavorable decision from the ALJ does not negate such evidence. This assertion of error is therefore rejected.

**2. Dr. Fishbein's opinion.**

Plaintiff next argues that the ALJ improperly rejected the opinion of Dr. Richard Fishbein, who completed a Medical Source Statement ("MSS") pertaining to Plaintiff's ability to perform work-related activities on July 6, 2012. AR 626-31.[4] The restrictions that Dr. Fishbein proposes in the MSS are allegedly based on an Independent Medical Evaluation ("IME") of Plaintiff that he performed in connection with a workers' compensation claim on February 22, 2011, more than 18 months prior to his completion of the MSS. AR 829-31. As part of the IME, Dr. Fishbein opined that Plaintiff would "retain 3% permanent impairment to the body as a whole based on his lumbar strain[.]" AR 831.[5] This impairment rating was utilized in Plaintiff's

---

[4] Dr. Fishbein completed a second MSS on December 17, 2013, over one month after the ALJ's decision was issued, which, according to Plaintiff, necessitates remand of this case for additional consideration. DE 10-1 at 8-9. The Court addresses this additional argument *infra*.

[5] This impairment rating is derived from the American Medical Association's Guide to the Evaluation of Permanent Impairment ("AMA Guide"), which represents the "international standard for impairment assessment" that was "designed to enhance the relevancy of impairment ratings, improve

subsequent workers' compensation settlement, which was approved by a workers' compensation specialist on July 12, 2011. AR 162-64.[6] Plaintiff claims that the ALJ erroneously utilized this permanent impairment rating to discount Dr. Fishbein's MSS, noting that "[n]owhere in the Code or Act will one find a mandate that if the AMA Guidelines calls for a high or low rating, then the ALJ should correlate/use the AMA rating on a decision for disability." DE 10-1 at 7-8.

It is true that disability percentage ratings used by the AMA in workers' compensation claims "are not strictly comparable to the specific functional limitations required in a Social Security disability case[.]" *Gray v. Astrue*, 780 F. Supp. 2d 548, 554 (E.D. Ky. 2011). However, Social Security Ruling ("SSR") 06-03p, which was in effect at the time of the filing of Plaintiff's claim,[7] states that decisions from other agencies, such as those dealing with workers' compensation claims, "and the evidence used to make these decisions, may provide insight into the [claimant's] mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." 2006 WL 2329939, *7 (August 9, 2006). Indeed, the ALJ is "required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." *Id*. at *6; *see also Begley v. Sullivan,* 909 F.2d 1482 (table), 1990 WL 113557, at *2, n.1 (6th Cir. Aug. 8, 1990) (noting that in a case involving a claimant who had received two permanent impairment ratings in connection with a work injury, the ALJ

---

internal consistency, promote greater precision, and standardize the rating process." *Hamilton v. Menard, Inc.*, No. 3:10-CV-1997, 2012 WL 4483897, at *10, n.10 (N.D. Ohio Sept. 27, 2012) (internal citation and quotations omitted.

[6] Of note, the workers' compensation settlement also indicates that Plaintiff received a zero percent (0%) permanent impairment rating from his treating physician, Dr. Christopher Kauffman. AR 163-64.

[7] SSR 06-03p was subsequently rescinded effective March 27, 2017.

"properly considered the two opinions on percent of impairment as a pertinent piece of medical evidence and not evidence that was outcome determinative"); *Lear v. Colvin*, No. 5:13-439-KKC, 2014 WL 5796829, at *5 (E.D. Ky. Nov. 6, 2014) ("Although the AMA Guides do not translate to any tangible restriction or functional impairment correlated with disability under the Social Security Act, it is not an error for an ALJ to consider these findings.").

Moreover, at least one sister court in this circuit has determined that a permanent impairment rating of 13% assigned in a workers' compensation claim "supports a finding of non-disability." *Peterson v. Colvin*, No. 3:15-CV-00035-JMH, 2016 WL 5723595, at *6 (E.D. Ky. Sept. 29, 2016). The Ninth Circuit has gone even further, holding that permanent impairment ratings that are less than 30% lend support to a finding that a claimant is not disabled. *See Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir. 1971). Courts in other districts have similarly noted that a 3% permanent impairment rating based on the AMA Guide provides support for concluding that a claimant is not disabled. *See Grimm v. Astrue*, No. 12-5064, 2013 WL 2383647, at *6 (W.D. Ark. May 30, 2013). The Court finds these determinations persuasive.

Regardless, the relevant issue is whether substantial evidence supports the ALJ's decision to reject Dr. Fishbein's opinion. *Whitfield v. Astrue*, No. 3:07-cv-1091, 2009 WL 1684489, at *2 (M.D. Tenn. June 15, 2009) ("[A]n ALJ may reject a consulting physician's opinion based on substantial evidence in the record.") (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 390 (6th Cir. 1999)). The ALJ correctly noted that while Dr. Fishbein's IME report stated only that Plaintiff would be unable to perform work classified as "very heavy," the MSS completed by Dr. Fishbein precludes even sedentary work. AR 62, 627, 831; 20 C.F.R. § 404.1567. Additionally, despite the loss of range of motion in the lumbar spine and tenderness to palpation of the lumbar musculature demonstrated by Plaintiff upon examination, multiple imaging studies

of the lumbar spine were normal without any evidence of disc protrusion, spinal stenosis, or foraminal narrowing. AR 486, 512-514. The ALJ also discussed Plaintiff's treatment with his treating physician, Dr. Christopher Kauffman, several months after Dr. Fishbein's IME, during which Plaintiff demonstrated a full range of motion of the lumbar and cervical spines, a full range of motion of the hips, knees, and ankles, no tenderness in the lumbar spine, and no atrophy in the lower extremities. AR 500-01. All of these findings weigh against the supportability and consistency of Dr. Fishbein's MSS, which are relevant factors in considering a non-treating source's opinion. *See* 20 C.F.R. § 404.1527(c)(3), (4).

The ALJ also provided a detailed discussion of the evidence documenting Dr. Kauffman's additional treatment with Plaintiff, which undermines the severity of Dr. Fishbein's opinion. AR 15-16. Such evidence includes Plaintiff's demonstration of a normal gait, mild tenderness over the lower back, a full range of motion and no tenderness over the cervical spine, no atrophy, and a mildly positive straight leg test. AR 15. Imaging studies demonstrated lumbar spondylosis without neurologic compression and a slight disk bulge at the L5-S1 level. AR 15. Dr. Kauffman diagnosed Plaintiff with lumbar degenerative disk disease and lower back pain, and determined that Plaintiff had no permanent impairment stemming from the injury. AR 16. The Court also notes that Dr. Kauffman is an orthopedist, and thus a specialist with respect to spinal conditions. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty [.]").

Plaintiff argues that the ALJ unfairly discounted Dr. Fishbein's opinion based on Plaintiff's inability to recall ever having seen him. DE 10-1 at 9. The Court agrees that a failure to remember the name of a non-treating physician is not a valid basis on which to reject the

15

opinion of said physician. However, contrary to Plaintiff's suggestion otherwise, the ALJ provided other reasons for rejecting Dr. Fishbein's opinion (AR 16), and there is substantial evidence in the record to support the ALJ's decision to instead favor the opinion of Plaintiff's treating physician, as discussed above. Therefore, to the extent that the ALJ erred by referencing Plaintiff's failure to recall Dr. Fishbein's examination, the Court finds such error to be harmless. This assertion of error is thus rejected.

**3. Sentence six remand.**

Plaintiff alternatively requests that his case be remanded for consideration of an additional medical opinion provided by Dr. Fishbein, as well as evidence that a cane was prescribed for Plaintiff following the ALJ's determination. DE 10-1 at 9-10. This additional evidence is found in Exhibits 27F and 28F. AR 838-50. Plaintiff claims that remand is necessary because such evidence did not exist at the time of the ALJ's decision and argues that "there is a reasonable probability that a different result would have been reached if this evidence was introduced during the original proceeding." *Id*. at 10.

A reviewing court may only consider the evidence presented to the ALJ when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). New evidence may only be considered after a sentence six remand under 42 U.S.C. § 405(g), which is only available if the party requesting remand demonstrates that the evidence in question is (1) new, (2) material, and (3) that there was good cause for not submitting the evidence in the earlier proceeding. *Id*. at 513. Evidence is considered "new" if it did not exist at the time of the administrative hearing, *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (internal citation omitted), and "material" if it would "likely change the Commissioner's decision." *Bass*, 499 F.3d at 513 (quoting *Sizemore v. Sec'y of Health & Human*

16

*Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). "Good cause" exists if there is a reasonable justification for failing to obtain the evidence before the administrative hearing. *Foster*, 279 F.3d at 357.

Based on a review of the additional evidence, as well as consideration of the ALJ's treatment of the evidence in the administrative record, the Court finds that remand pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted. As a threshold matter, Plaintiff has not demonstrated good cause for failing to introduce Dr. Fishbein's second MSS in a timely fashion. Plaintiff mistakenly assumes that good cause has been established simply because the opinion was completed more than one month after the ALJ issued her decision. However, the fact that this opinion was obtained well after entry of the ALJ's decision, which was issued more than three months after the administrative hearing, does not establish "good cause." *See Perkins v. Apfel*, 14 F. App'x 593, 598 (6th Cir. 2001) ("The mere fact that the evidence at issue was not created until nine months after the ALJ's decision ... does not establish good cause."). Plaintiff has the burden of providing evidence demonstrating the existence of a disability, *Key v. Callahan*, 109 F.3d at 274, and he offers no valid reason for failing to procure the second MSS prior to the hearing, which precludes satisfaction of the "good cause" requirement. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).[8]

---

[8] Plaintiff also erroneously claims that the ALJ "entirely dismissed Dr. Fishbein's opinion for lack of an examination occurring when Dr. Fishbein completed the first [MSS]," and argues that the second MSS was "completed in conjunction with a physical examination of [Plaintiff]." DE 10-1 at 10-11. In addition to the substantial evidence cited by ALJ in rejecting Dr. Fishbein's opinion, discussed above, the second MSS submitted by Dr. Fishbein includes no indication that he actually examined Plaintiff. Regardless, Plaintiff's failure to establish good cause for the untimely submission of this MSS prevents the Court from recommending remand pursuant to sentence six of 42 U.S.C. § 405(g).

Additionally, a form indicating that nurse practitioner Janis Fuqua ordered a cane for Plaintiff almost four months after the administrative hearing does not establish that such evidence is "material." As previously discussed, in order to establish that a cane is medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and *describing the circumstances for which it is needed*." SSR 96-9p, 1996 WL 374185, *7 (July 2, 1996) (emphasis added). Ms. Fuqua's order form provides no such explanation, thus making it "unlikely that this new evidence would change the Commissioner's decision." *Rubin v. Comm'r of Soc. Sec.*, No. 09-11446, 2010 WL 5114016, at *4 (E.D. Mich. Sept. 8, 2010), *report and recommendation adopted*, 2010 WL 5100841 (E.D. Mich. Dec. 9, 2010).

Plaintiff's additional argument that remand is necessary for consideration of records regarding his alleged strokes is similarly unavailing. A court may order the Commissioner to consider additional evidence pursuant to sentence six if "a party presents material evidence to the court that was not previously available." *Faucher*, 17 F.3d at 175. No such evidence has been presented to the Court because Plaintiff is not in possession of these additional records. DE 10-1 at 10. Therefore, Plaintiff does not present any material evidence of a functional limitation caused by an alleged stroke and his promise to "submit these records once received and when granted permission" (*id.*) provides no basis on which the undersigned may grant a sentence six remand. Therefore, the Court declines to recommend remand under pursuant to sentence six.

## V. RECOMMENDATION

For the above stated reasons, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 10) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge