UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELMER WAYNE HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:15-cv-00443 |
| | )   CHIEF JUDGE CRENSHAW |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 15), to which Plaintiff filed timely objections (Doc. No. 18), and Defendant filed a timely reply (Doc. No. 19). The Court has reviewed the Report and Recommendation, briefs, and conducted a de novo review of the record. The objections largely restated the arguments made before the Magistrate Judge. For the following reasons, in addition to the reasons given by the Magistrate Judge, the Court **ADOPTS** the Report and Recommendation.

Plaintiff's first objection is that in the residual functional capacity ("RFC") assessment, the ALJ did not include Plaintiff's allegation that he must use a cane to ambulate. The ALJ reviewed the physicians' records that stated Plaintiff used a cane and determined that Plaintiff's claims that he needed a claim were contradicted by the objective evidence in the record, including the evidence that Plaitniff was improving and had "steady or normal gait." (Doc. No. 8 at 15 (Dr. Kaufman), 16-17 (Dr. Baker), 20 (Dr. Fishbein); 23-24 (ALJ's opinion).) There is substantial evidence in the record to support the ALJ's determination that Plaintiff's conditions did not require him to use a cane, and therefore substantial evidence supports the ALJ's decision not to incorporate the limitation in its RFC assessment. See Carreon v. Massanari, 51 F. App'x 571, 575 (6th Cir. 2002)

("Because the cane was not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced her ability to work."); (Doc. No. 15 at 9-10).

Plaintiff also argues that his treating physician ordered him a cane after the relevant period—on November 13, 2013 (Doc. No. 8 at 842), and this should be afforded controlling weight. As the Magistrate Judge held, the order of the cane did not "describe the circumstances for which it is needed," making it "unlikely that this new evidence would change the Commissioner's decision." (Doc. No. 15 at 18 (citing SSR96-9p, 1996 WL 374185, at *7 (July 2, 1996)). The Court agrees, this objection also does not require the Court to remand the case.

Third, Plaintiff argues that the ALJ did not afford Dr. Richard Fishbein's opinion sufficient weight. (Doc. No. 18 at 10.) The ALJ gave "no weight" to Dr. Fishbein's Medical Source Statement, which he filled out a year-and-a-half after the only time he examined Plaintiff, that Plaintiff could not perform even sedentary work because his restrictions "are not supported by his own examination." (Doc. No. 8 at 20.) Instead, the ALJ gave weight to Dr. Fishbein's objective findings. Specifically, the ALJ wrote that Dr. Fishbein "found a 3% permanent partial impairment rating to the body as a whole based on diagnosis of lumbar strain, but cautioned that those ratings should not be used as an indicator for disability." (Doc. No. 8 at 20.) When a physician fills out a Medical Source Statement that is not supported by his or her own objective findings, the ALJ is not required to give the Medical Source Statement weight. See <u>Rogers v. Comm'r of Soc. Sec.</u>, 486 F.3d 234, 242 (6th Cir. 2007) (discussing the factors the ALJ should use in deciding how much weight to give a treating physician's opinion, including the "consistency of the physician's conclusions"). There is substantial evidence supported the ALJ's decision not to give weight to Dr. Fishbein's Medical Source Statement.

Plaintiff's final two arguments, that the 2013 order of the cane and a second Medical Source Statement by Dr. Fishbein, both outside the relevant period, should be considered, and this case should be remanded to the Commissioner for further consideration, fail for the reasons stated above. The ordering of the cane is not relevant without explaining why the cane is necessary, and Dr. Fishbein's second Medical Source Statement is consistent with his first and was made without further examination of Plaintif, so the ALJ would likely reject it for the same reasons as above.

Accordingly, the Report and Recommendation (Doc. No. 15) is **ADOPTED** and Plaintiff's Objections thereto (Doc. No. 18) are **OVERRULED**. Plaintiff's Motion for Judgment on the Record (Doc. No. 10) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE